UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WALTON,

       Petitioner,                                Civil Case Number 15-10609
                                                     Honorable Linda V. Parker

v.

THOMAS MACKIE,

       Respondent,
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Michael J. Walton ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in the Circuit Court for Wayne County, Michigan, for assault with intent to commit murder, unlawful imprisonment, and felony-firearm. On June 24, 2015, Petitioner filed a motion to stay proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and are not included in his current habeas petition. For the reasons stated below, the Court is granting Petitioner's motion subject to certain conditions.

I.     **Background**

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court.  He raised one issue on direct appeal: the prosecution failed to present sufficient evidence to support his conviction of assault with intent to murder.  *People v. Walton*, No. 306950, 2013 WL 2420980, at *1 (Mich. Ct. App. June 5. 2013)   The Michigan Court of Appeals affirmed Petitioner's conviction on June 5, 2013.  *Id.*  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which the Court denied on November 25, 2013.  *People v.* Walton, 839 N.W.2d 483 (Mich. 2013).  It does not appear from Petitioner's pleadings that a petition for writ of certiorari was filed with the United State Supreme Court.

In the instant petition for habeas corpus relief, signed and dated on February 17, 2015, Petitioner states that he is being detained in violation of his Sixth and Fourteenth Amendment rights.  (*See* ECF No. 1 ¶ 9.)  Petitioner makes no argument in support of this assertion, relying on the brief filed in support of his direct appeal which raised only his insufficiency of the evidence claim.  In his current motion, Petitioner indicates that he would like to return to the state courts to now raise claims alleging violations of his Sixth and Fourteenth Amendment rights.  (ECF No. 9.)  Specifically, Petitioner indicates that he will argue that he was denied: (1) a fair trial because the prosecutor knowingly allowed false

testimony to be introduced; (2) effective assistance of counsel due to trial counsel's failure to object to the presentation of this false testimony and investigate several witnesses who would have provided testimony in Petitioner's favor; and (3) effective assistance of appellate counsel due to counsel's failure to raise the first and second issues on appeal. (*Id.*)

## II. Applicable Law & Analysis

Petitioner must exhaust his Sixth and Fourteenth Amendment claims in the state courts before raising those claims in a federal habeas court under 28 U.S.C. § 2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.

*See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

By his own admission, Petitioner has failed to exhaust his Sixth and Fourteenth Amendment claims.  This Court has the authority to dismiss the petition pending his exhaustion of those claims in state post-conviction proceedings or to stay his petition in the interim.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  "Stay and abeyance" is available in only "limited circumstances," however, such as where the applicable one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

The Court finds it appropriate to grant Petitioner's request to hold his petition in abeyance while he exhausts the claims through post-conviction proceedings in the state courts.  The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d)(1).

Assuming that Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, the one-year limitations period began to run on

February 25, 2014-- ninety days after the Michigan Supreme Court denied his application for leave to appeal. *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006) (explaining that AEDPA's one-year statute of limitations does not begin to run until the time (ninety days) for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). As indicated, Petitioner signed and dated his present petition on February 10, 2015. Three hundred and fifty days of the one-year period had lapsed by that date, leaving only fifteen days remaining. Further, the Court cannot conclude that Petitioner's unexhausted claims are plainly meritless or that he has engaged in "intentionally dilatory tactics."

The Supreme Court advised in *Rhines* that when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

Accordingly, the Court **GRANTS** Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance **on the following conditions**. <u>First</u>, **within sixty (60) days** of receipt of this Opinion and Order, Petitioner must file his post-conviction motion in the state court **and** notify this Court in writing that such

5

motion papers have been filed in state court.  Petitioner's failure to file a motion or notify this Court of its filing within that time-frame will result in this Court lifting the stay, reinstating the original habeas petition to its active docket, and adjudicating the petition on the one claim raised therein.  <u>Second</u>, Petitioner must return to this Court **within sixty (60) days** of exhausting his state court remedies and file **in this case** (i.e., with the above case caption and case number) a motion to lift the stay and an amended petition including any additional claims he wishes to raise in support of his request for habeas relief.

Respondent need not respond to the original petition by the date previously set by the Court.  The Court will order a response by a new deadline if and when Petitioner returns to federal court.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only.  Nothing in this decision or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager