# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL J. WALTON,

    Petitioner,                          Case Number 4:15-CV-10609

                                              Honorable Linda V. Parker

v.

THOMAS MACKIE,

    Respondent,

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A SECOND EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT

      Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his convictions for assault with intent to commit murder, unlawful imprisonment, and felony-firearm. On July 13, 2015, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The Court conditioned this tolling upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies.

On August 18, 2015, this Court granted Petitioner an extension of time to file his post-conviction motion. Petitioner has now sent a letter to the Court, which the Court construes as a second motion for an extension of time to file his post-conviction motion for relief from judgment with the state courts.

A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). It appears that Petitioner has done all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from doing so. The Court therefore concludes that it is appropriate to extend Petitioner's deadline for filing the motion. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

Accordingly, Petitioner's request for an extension of time is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will lift the stay, reinstate the original petition for writ of habeas corpus to the Court's active docket and proceed to adjudicate only the claims that were raised in the original petition.

If Petitioner files a motion for relief from judgment in state court, he shall notify this Court as to when such motion papers were filed. The case shall then be held in abeyance pending the Petitioner's exhaustion of the claims.

After Petitioner fully exhausts his new claims, he shall **return to this Court within sixty (60) days** after the conclusion of his state court post-conviction proceedings <u>and</u> file an amended petition that includes the new claims, along with a motion to lift the stay. The amended petition and motion shall bear the case-caption (including the case number) set forth above. Failure to comply with these requirements will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original Habeas Petition.

**SO ORDERED.**

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 20, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager